UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00129-KKC

HUGH BENNETT AND
BENNETT ARCHITECTS, INC.                                                                 PLAINTIFFS

v.                                       **OPINION AND ORDER**

ROSSER INTERNATIONAL, INC.                                                               DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to compel discovery, or in the alternative to extend the discovery deadline filed by Defendant Rosser International, Inc. ("Rosser"). For the reasons set forth below, the Court will DENY Rosser's motion to compel but will GRANT the motion to extend the discovery deadline.

I.  BACKGROUND

Rosser filed a motion to exclude Plaintiffs' expert on October 2, 2009 for failure to comply with the deadlines established by this Court for providing their expert report. By the parties's agreed amended scheduling order, Plaintiffs should have served their expert reports on or before September 21, 2009. (Rec. No. 59). While Plaintiffs' report was served late, the Court was not inclined to exclude their expert and instead chose to grant Rosser additional time to file its own expert report and take expert depositions. (Rec. No. 65). However, Plaintiffs were directed to comply with all future pretrial deadlines and discovery obligations.

On October 14, 2009 in response to the Court's order, the parties filed a joint motion to amend the existing scheduling order and set various new deadlines. (Rec. No. 66). An agreed

amended scheduling order was entered by the Court on October 15, 2009. (Rec. No. 67). Defendants were given until October 19, 2009 to serve expert reports and the deadline for all expert depositions was set for November 6, 2009. (Rec. No. 67). However, this agreed order failed to mention any extension of the discovery deadlines.

## II.   STANDARD

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if....a party fails to respond that inspection will be permitted–or fails to permit inspection as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Under Rule 34(b)(1), a request for production of documents must meet certain criteria. The request "must describe with reasonable particularity each item or category of items to be inspected...must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and...may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(A)-(C).

## III.   ANALYSIS

Plaintiffs respond to Rosser's motion by arguing that because no proper discovery request was made for Mr. Bennett's medical records, as required by Rule 34, relief under Rule 37 is unavailable. In this case, Rosser made the disputed discovery request informally by way of a letter to opposing counsel. The letter stated that:

> [y]our recent production of Plaintiffs' expert report has raised specific questions with respect to the status of Mr. Bennett's health. Given this, and the fact that the agreement at issue includes provisions relating to disability and death, <u>we are requesting that Mr.</u>

<u>Bennett produce his medical records for the past ten years to the present</u>. If you have any questions, please let me know. I appreciate your cooperation in this matter and would ask that every effort be made to provide these documents to us as soon as possible.

(Rec. No. 70, Attach. 2, 10/16/09 ltr.)(emphasis added). Plaintiffs claim that they are not required to respond to such informal discovery requests and that there is no avenue for relief for Rosser because of its failure to make a formal request for production.

The discovery request made by Rosser in this case certainly was informal. However, the record indicates that discovery has proceeded informally throughout much of this litigation. Plaintiffs and Rosser have been willing to accommodate each other's informal discovery requests and have submitted joint orders to amend existing scheduling orders several times. Informal requests for discovery have been made and granted by both Plaintiffs and Rosser. However, with regard to Bennett's medical records, Plaintiffs quickly made clear that they would not produce the requested records because the discovery deadline had expired and explained that Rosser would "need to file a motion" if it wanted some relief. Plaintiffs also indicated that they had other objections to production of Mr. Bennett's medical records beyond the mere expiration of the discovery deadline.

Having considered both parties's arguments, the Court will DENY Rosser's motion to compel because it has failed to comply with the prior request requirements of Rule 34(b). While much of the discovery in this case proceeded informally and cooperatively, once a dispute arose with regard to production of Mr. Bennett's medical records, Rosser should have filed a formal request before filing the instant motion to compel. That said, the Court will GRANT Rosser's motion to extend the discovery deadline. During the course of this litigation, various deadlines have been moved by the Court and Plaintiffs were given significant leeway in filing their expert

3

reports over a motion to exclude filed by Rosser (Rec. No. 65).  In deciding against excluding Plaintiff's expert, the Court emphasized that there was no risk of prejudice to Rosser as a result of granting Plaintiffs an extension to file their expert reports.

Similar considerations lead this Court to determine that in the interests of fairness, the discovery deadline should be extended until January 8, 2008.  In addition, to ensure that this extension will not cause prejudice to any party, the Court will reopen the deadline for deposing experts until December 18, 2009 and reschedule the trial date set for this matter from December 2, 2009 to February 8, 2010 at 9:00 a.m.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1)  Rosser's motion to compel is **DENIED**;

(2)  Rosser's motion to extend the discovery deadline is **GRANTED** and the discovery deadline is hereby extended until January 8, 2010;

(3)  The deadline for deposing experts shall be extended to December 18, 2009; and

(4)  Trial shall be set for February 8, 2010 at 9:00 a.m.

Dated this 9th day of November, 2009.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**